UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 11 CR 920-1 |
| v. | ) |
| | ) Judge Thomas M. Durkin |
| GEORGE KASP | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

After contracting COVID-19, Defendant George Kasp filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582. R. 210; R. 212; R. 214; R. 216. For the following reasons, Mr. Kasp's motion is denied.

**Background**

Mr. Kasp pled guilty in April 2013 to possession with intent to distribute 100 grams or more of heroin and being a felon in possession of a firearm. He was sentenced to 97 months' imprisonment, followed by concurrent terms of supervised release of four and three years. Mr. Kasp's sentence was later reduced to 78 months.

On June 9, 2020, while on supervised release, Mr. Kasp was arrested for unlawful possession of two firearms. Mr. Kasp was taken into custody on July 16, 2020, and ordered detained pending supervised release proceedings. Ultimately, Mr. Kasp waived a revocation hearing, and on December 8, 2020, admitted to possessing two firearms.[1] In addition, Mr. Kasp admitted that he had traveled to a casino outside

---

[1] In his filings, Mr. Kasp suggests that he did not knowingly and voluntarily waive a revocation hearing. But the Court agrees with the Government that this claim is belied by the record. *See* R. 229 at 3-4 (December 1, 2020 status hearing transcript at

of this District and failed to report contact with Glen Ellyn police, in violation of the terms of his supervised release. This Court sentenced Mr. Kasp to 13 months' incarceration and two years' supervised release for these violations. Mr. Kasp is currently housed at the Metropolitan Correctional Center in Chicago ("MCC"). The BOP calculates his release date as May 12, 2021.

Mr. Kasp now moves for compassionate release under 18 U.S.C. § 3582, citing the fact that he tested positive for COVID-19 the same day as his December 8, 2020 sentencing, and the need for outside screening for enlarged lymph nodes.

## Standard

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the BOP filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts consider: (1) the factors set forth in 18 U.S.C. § 3553(a); (2) whether "extraordinary and compelling reasons" warrant a reduction in sentence; and (3) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of establishing his entitlement to relief under this provision. *See*

---

which Mr. Kasp and his standby counsel separately represent that Mr. Kasp wishes to waive his revocation hearing); *see also* R. 217 at 5-12 (transcript of December 8, 2020 sentencing hearing reflecting that Mr. Kasp admitted to certain violations of pretrial release and as such waived his revocation hearing).

*United States v. Gold*, 2020 WL 2197839, *1 (N.D. Ill. May 6, 2020) (citing *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020)).

## Analysis

***Exhaustion.*** Mr. Kasp offers multiple documents requesting early release that he claims to have provided to MCC officials. According to the Government, the BOP had no record of any of Mr. Kasp's requests until the Government provided it with copies of the documents Mr. Kasp submitted in connection with this motion. Nevertheless, the BOP elected to treat those documents as an official request for compassionate release, despite that the BOP did not receive them from Mr. Kasp himself. The Government's position is that the Court should use the date upon which it provided Mr. Kasp's records to the BOP as the date that triggers the 30-day exhaustion period, and as such Mr. Kasp must wait an additional ten days before his request can be considered exhausted. But the Court need not resolve the issue, because even assuming that Mr. Kasp has already exhausted his administrative remedies, as discussed below, no extraordinary and compelling reason exists to justify his release, and the Section 3553(a) factors counsel against it.

***Extraordinary and compelling reasons and policy statements.*** In determining what constitutes an extraordinary and compelling reason to modify a person's sentence, courts consider the guidance contained in the U.S. Sentencing Guidelines Manual at U.S.S.G. § 1B1.13. The Application Notes describe extraordinary and compelling reasons as including medical conditions, age, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The notes also include the

3

following catch-all provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id.* cmt. n.1(d). The Seventh Circuit recently held in *United States v. Gunn* that the Sentencing Commission's policy statement on what constitutes an extraordinary and compelling reason for compassionate release does not apply to prisoner-initiated motions. 980 F.3d 1178, 1180 (7th Cir. 2020). But the court also noted that "substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" *Id.* The court continued that a "judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Accordingly, the Sentencing Commission's analysis remains instructive, and guides the Court's decision here.

Mr. Kasp argues that his recent COVID-19 diagnosis warrants his release. But Mr. Kasp was diagnosed over two months ago and tested negative on January 14, 2021. Additionally, Mr. Kasp's most recent medical records reveal that his only lingering symptom is a cough. *See* R. 231 at 4 (January 25, 2021 clinical encounter noting that Mr. Kasp complained of "a continuous intermittent cough," but denied "having any other constitutional symptom"). The fact that Mr. Kasp contracted and recovered from COVID-19 cuts against granting the relief he requests. *See United States v. Bartlett*, 2021 WL 54024, at *2 (N.D. Ill. Jan. 6, 2021) (citing United *States v. Gregory*, 2020 WL 3036001, at *2 (N.D. Ill. June 5, 2020) (concluding that

4

extraordinary and compelling reasons did not exist to warrant a sentence reduction "in light of Defendant's recovery and the fact that he does not dispute that he is now asymptomatic and fever free, and does not point to any current health problems as a result of having contracted Covid-19")).

Nevertheless, Mr. Kasp raises the concern that he may be reinfected. But speculation about reinfection cannot form the basis for relief either. *See United States v. Thompson*, 2020 WL 7771141, at *2-3 (N.D. Ill. Dec. 30, 2020) (defendant's professed concerned about reinfection did not justify compassionate release); *see also United States v. Gold*, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. May 6, 2020) ("[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence") (quoting *United States v. Allegra*, No. 15 CR 243, R. 232 at 7 (N.D. Ill. Apr. 13, 2020)). In any event, while there have been outbreaks amongst the MCC's inmate population in the past, as of this writing, the MCC is reporting just three current inmate cases of COVID-19, making the chance that Mr. Kasp contracts the virus again all the more slim. *See* bop.gov/coronavirus (last visited Feb. 17, 2021). Mr. Kasp's past COVID-19 diagnosis is not an extraordinary and compelling reason for release.

Mr. Kasp also points to enlarged lymph nodes and his desire to see an outside oncologist as a basis for release. But as the Court noted at his sentencing in December, Mr. Kasp twice refused to attend outside cancer screening appointments. R. 217 at 55. And while Mr. Kasp complains that a subsequent appointment for January 6, 2021 was cancelled, the Court presumes as the Government does that the

5

cancellation was due to Mr. Kasp's COVID-19 diagnosis. Moreover, Mr. Kasp's medical records reveal that not only did he attend his rescheduled appointment on January 25, 2021, but also the oncologist opined that his enlarged lymph nodes were likely benign. R. 231 at 2. In sum, there is no extraordinary and compelling reason to justify Mr. Kasp's early release.

*Section 3553(a) factors.* Even if there were an extraordinary and compelling reason to grant Mr. Kasp the relief he requests, the Section 3553(a) factors counsel against it. An analysis under 18 U.S.C. § 3553(a) considers the defendant's history and characteristics, the seriousness of his offense, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, and the impact of the BOP's efforts to maintain the safety of inmates. *United States v. Colon*, 2020 WL 7260804, at *4 (N.D. Ill. Dec. 10, 2020).

As noted, Mr. Kasp pled guilty to possessing two loaded firearms in violation of the terms of his supervised release. This was the very crime to which Mr. Kasp pled guilty in the first place, and as such his actions indicate a strong risk of recidivism. Further, Mr. Kasp's violation was just one of many incidents in his criminal history. In addition to (twice) pleading guilty to being a felon in possession, Mr. Kasp has also twice been convicted of possession of a controlled substance and driving under the influence. He also has been convicted of aggravated unlawful use of a weapon and aggravated discharge of a firearm. In light of this history, the Court agrees with the Government that releasing Mr. Kasp early would "deprecate the seriousness of his supervised release violations, undermine the sentence's purposes

6

of promoting respect for the law and affording deterrence, and gravely jeopardize public safety." R. 218 at 14. The Court simply cannot justify Mr. Kasp's early release under these circumstances.

Finally, Mr. Kasp complains about the conditions of confinement at the MCC, particularly as they relate to the pandemic.[2] But the Court took into account the fact that those conditions are "much worse than normal" when setting Mr. Kasp's sentence below both what the Government requested, and the probation officer recommended, just over two months ago. R. 217 at 55. And as noted, Mr. Kasp has already contracted and recovered from COVID-19. In short, the Court remains convinced that Mr. Kasp's sentence is appropriate, even in the face of the pandemic.

## Conclusion

Even assuming Mr. Kasp exhausted his administrative remedies, he offers no "extraordinary and compelling" reason for release and the Section 3553(a) factors and the fact that Mr. Kasp has already recovered from COVID-19 counsel against it. Accordingly, Mr. Kasp's motion for compassionate release, R. 210; R. 212; R. 214; R. 216, is denied.

ENTERED:

*Thomas M. Durkin*

———————————————

Honorable Thomas M. Durkin
United States District Judge

---

[2] The Court notes that a putative class action lawsuit was recently filed regarding the conditions at the MCC, and that Mr. Kasp is a putative class member. *See Price, et al. v. Federal Bureau of Prisons, et al.*, 21 C 542, R. 1 (N.D. Ill.).

7

Dated: February 18, 2021